Lieghley, J.
The parties stood in the same order below.
The two cases above, numbered 1707 and 1767 on th'e docket, are an error proceeding and an appeal from the same judgment in the court below.
The plaintiff, a foreign corporation, filed its petition against The East Ohio Gas Company, alleging that The Traitel Marble Company had a contract for th'e marble work on the East Ohio Gas building; that said marble company had sublet a portion of the work to plaintiff; that plaintiff had performed all the conditions and requirements to be performed by it under the terms of said contract; and that it had taken all the necessary steps to perfect a lien upon said premises. The petition prayed for an accounting of the amount due, the establishment of the lien, and foreclosure thereof, if necessary.
The defendant, The East Ohio Gas Company, sought leave of court to interplead the amount due under the contract to The Traitel'Marble Company, a foreign corporation, which leave was granted, the said Thé Traitel Marble Company made, a new defendant, and The East Ohio Gas Company discharged.
*455 The Traitel Marble Company -did not question in any manner the jurisdiction of th-e court below under the circumstances, but answered, denying any liability under said contract 'to plaintiff, admitting the contract, but setting forth facts which if established tended to show a breach of said contract by plaintiff, and -denying .that any sum was due to plaintiff under said contract.
The case came on for trial in the court below and evidence was offered tending to establish the mechanic’s lien claimed by plaintiff, and a motion was made by defendant marble company to dismiss the case -on the ground that the plaintiff failed to establish a lien, which motion was granted and. judgment rendered for defendant, with an order that all of the fund be paid to the 'defendant marble company without the intervention of a jury or -the determination of any of the issues upon said contract made in the pleadings. From -this judgment error is prosecuted to this court to reverse the same.
We are of the opinion that when the The East Ohio Gas Company paid said fund by leave of court into court, or made the same available by way of interpleader, said fund took the place of the lien, if any. And when -the defendant marble company, without in any manner challenging the jurisdiction of the common pleas court, answered joining issue with plaintiff on the averments and claims in respect to said contract, said defendant thereby voluntarily consented to and agreed to a change in the character -of the action and submitted itself to the jurisdiction of the court below. The court below thereby acquired jurisdiction and *456 retained it for adjudication of the issues made in the pleadings. The court below had jurisdiction of the subject-matter and of the persons. The character of the action by the • answer of the defendant became one of interpleader by reason of •the nature of the answer. ’ The fund substituted for the claimed lien was subject to the orders of the court. The only issues remaining upon the face of the pleadings were what and how much if anything was due plaintiff under said contract.
The judgment of the court below, in face of the issues joined, deprived the plaintiff, even though it did fail to establish its lien, of a trial of the issues joined in respect to said contract, and without trial thereof judicially determined that the entire fund belonged to the defendant. If the fund under the control of the court was to be disposed of, it certainly should not be disposed of until the rights of the parties therein were determined. If the trial had proceeded with the gas company as the only defendant, then, the plaintiff failing to establish its lien, the court would have been obliged to dismiss the petition for want of jurisdiction to do otherwise and could not have awarded the fund to the marble company. The marble company voluntarily submitting to the jurisdiction, and tendering issue on the contract, thereby altered the situation.
When the case came to trial the issues joined constituted an action at law, and should be determined by the intervention of a jury, unless waived. The parties by their pleadings created and developed the state of the case when it reached the trial room. Whether or not a case is an action at law *457 or in equity is determinable by the pleadings. Raymond v. T., St. L. & K. C. Rd. Co., 57 Ohio St., 271.
Considering the case in the light we do, as above stated, that the same was an action at law when it came up for trial, we conclude that no appeal would lie from the judgment entered at that time, and the appeal, being case No. 1707, is therefore dismissed. Pratt, Admr., v. Aetna Life Ins. Co., 5 C. C., 587; Warner v. Jaeger et al., Id., 16; Campbell v. Eames, 8 C. D., 374, and Maginnis v. Schwab, 24 Ohio St., 336.
In case No. 1767, the judgment of the court below is reversed and remanded for further proceedings, at costs of the defendant in error, The Traitel Marble Company.

Appeal dismissed.

Judgment reversed, and cause remanded.

Grant and Carpenter, JJ., concur.